IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 1 4 2020

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

**LISA MAZANTI AND RONNIE WALKER,**
**INDIVIDUALLY AND ON BEHALF**
**OF ALL OTHERS SIMILARLY SITUATED**                                    **PLAINTIFFS**

vs.                          No. 4:20-cv- _47-BSM_

This case assigned to District Judge _Miller_
and to Magistrate Judge _Volpe_

**ROCK BORDELON; ALLEGIANCE HOSPITAL**
**OF NOTH LITTLE ROCK, LLC, d/b/a**
**NorthMetro Medical Center; T. JASON REED; and**
**FREEDOM BEHAVIORAL HOSPITAL OF**
**CENTRAL ARKANSAS, LLC**                                    **DEFENDANTS**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Lisa Mazanti and Ronnie Walker, individually and on behalf of all others similarly situated, by and through their attorneys Chris Burks and Brandon Haubert of WH Law, PLLC, and for their Original Complaint—Collective Action, do hereby state and allege as follows:

## I.

## PRELIMINARY STATEMENTS

1.      This is an action brought by Plaintiffs Lisa Mazanti and Ronnie Walker, each individually and on behalf of all others similarly situated, against Defendants Rock Bordelon, Allegiance Hospital Of North Little Rock, LLC, d/b/a NorthMetro Medical Center, T. Jason Reed, and Freedom Behavioral Hospital of Central Arkansas, LLC ("Defendants").

2.      Plaintiffs, individually and on behalf of all others similarly situated, bring this action under the Fair Labor Standards Act, 29 US.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendant's commonly applied policy and practice of failing to pay Plaintiffs and all others similarly situated the lawful overtime premium compensation for the hours in excess of forty hours in a single week that they were/are made to work.

3.      This is a representative action under Section 216 of the FLSA, 29 U.S.C. § 216. Plaintiffs are each respectfully similarly situated to larger groups of employees who were not paid in accordance with the requirements of the FLSA.

4.      The proposed Section 216 classes are composed of all employees who are or were employed by Defendants as nurses and hourly-paid maintenance/janitorial staff in Jacksonville Arkansas, who, during the applicable time period, worked/work for Defendants and were/are denied their fundamental rights under applicable federal wage and hour laws.

5.      The proposed Section 216 classes will seek recovery of monetary damages for all overtime worked by Plaintiffs and the putative class members.

6.      This is also a class action under Rule 23 of the Federal Rules of Civil Procedure. Plaintiff Mazanti is a members of a class of nurses who were deprived of wages in violation of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA").

## II.

## THE PARTIES

7.      Plaintiff Lisa Mazanti is a resident and citizen of Pulaski County.

8.     At all times relevant hereto, Plaintiff Mazanti was paid an hourly wage for her work as a nurse for Defendants.

9.     Plaintiff Mazanti worked for Defendants within the three years preceding the filing of this lawsuit.

10.    In most if not all workweeks, Plaintiff Mazanti worked in excess of 40 hours.

11.    Defendant failed to pay Plaintiff Mazanti overtime premiums for all hours worked in excess of forty per week as required by law.

12.    Plaintiff Ronnie Walker is a resident and citizen of Pulaski County.

13.    At all times relevant hereto, Plaintiff Walker was paid an hourly wage for his work as maintenance/janitorial staff for Defendants.

14.    Plaintiff Walker worked for Defendants within the three years preceding the filing of this lawsuit.

15.    In most if not all workweeks, Plaintiff Walker worked in excess of 40 hours.

16.    Defendants failed to pay Plaintiff Walker overtime premiums for all hours worked in excess of forty per week as required by law.

17.    Defendant Rock Bordelon is an individual and owner of Allegiance Hospital of North Little Rock, LLC, d/b/a NorthMetro Medical Center, which operated the medical facilities where Plaintiffs and those similarly situated work in Jacksonville, Arkansas.

18.    Allegiance Hospital of North Little Rock, LLC, d/b/a NorthMetro Medical Center, is a foreign Limited Liability Company whose registered agent for service of process is Capitol Corporate Services, 300 S. Spring St., Little Rock AR 72201.

19.     T. Jason Reed is an individual and owner of Freedom Behavioral Hospital of Central Arkansas, LLC, which purchased in the statutory period and now operates the medical facilities where Plaintiffs and those similarly situated work in Jacksonville, Arkansas

20.     Freedom Behavioral Hospital of Central Arkansas, LLC, is a foreign Limited Liability Company whose registered agent for service of process is T. Jason Reed, 4924 Opal Dr., Lake Charles LA 70605.

21.     Defendants have annual gross revenues exceeding $500,000.00.

22.     Defendants were at all times relevant hereto Plaintiffs' employer, and is and have been engaged in interstate commerce as that term is defined under the FLSA.   Individual Defendants Bordelon and T. Jason Reed set the policies at issue in the present action.

23.     At all relevant times, Defendants had at least some employees who engaged in interstate commerce or in the production of goods for interstate commerce, or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce.

24.     Defendants' employees, including Plaintiffs and the putative class members, used the internet and telephone in furtherance of Defendants' business and also handled items such as money, computers, phones, and office supplies that had moved in interstate commerce.

## III.

## <u>JURISDICTION AND VENUE</u>

25.     The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

26.    This Complaint also alleges violations of the AMWA, which alleged violations arising out of the same set of operative facts as the FLSA action herein alleged; accordingly, this state cause of action would be expected to be tried with the FLSA claim in a single judicial proceeding.

27.    Accordingly, this Court has supplemental jurisdiction over the additional AMWA claims pursuant to 28 U.S.C. § 1367(a).

28.    Plaintiffs allege violations of the FLSA and the AMWA as a result of and while working at Defendants' premises in Jacksonville, Arkansas.

29.    The acts complained of herein were committed and had their principal effect against Plaintiffs, as described more fully below, within the Central Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## IV.

## FACTUAL ALLEGATIONS

30.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

31.    Plaintiffs were employees of Defendants within the three years preceding the filing of Plaintiff's Original Complaint—Collective Action.

32.    Plaintiff Walker and other janitorial/maintenance staff have been paid various rates of hourly pay.

33.    Plaintiff Walker and other janitorial/maintenance staff worked more than forty (40) per week for Defendants at their health care facilities in Jacksonville, Arkansas, and

Defendants set their work schedules, methods and materials of work, and controlled their rates of pay.

34.     However, Plaintiff Walker and other janitorial/maintenance staff were and are not paid 1.5 times their regular rate of pay for hours they worked in excess of forty (40) in each workweek.

35.     Plaintiffs Mazanti and other nurses were employed by Defendants at their Jacksonville, Arkansas health care facilities.

36.     Defendant paid Plaintiff Mazanti and other nurses an hourly rate.

37.     Defendants tracked Plaintiff Mazanti and other nurses hours.

38.     Upon information and belief, Defendants often discouraged the logging of overtime hours on the tracking system.

39.     Upon information and belief, when overtime is discouraged, managers do not concurrently discourage extra work, and in many instances, require extra work, leading to hours exceeding forty per week, for which nurses refrain from claiming on the time tracking system.

40.     Plaintiff Mazanti and other nurses worked over forty hours in most if not all workweeks.

41.     Further, Plaintiff Mazanti and other nurses were paid 1.5 times their regular rate of pay for all reported, or "on-the-clock," hours they worked in excess of 40 in each workweek, but Plaintiff Mazanti and other nurses were not paid for the time they worked for Defendant off-the-clock.

42.    Plaintiff Mazanti and other nurses regularly performed the off-the-clock work described above in workweeks in which Plaintiff Mazanit and other nurses worked and reported forty or more hours of work performed while each Plaintiff nurse was "clocked in."

43.    As a result of Defendants' policies requiring off-the-clock work as described above, Plaintiff Mazanti and other nurses worked hours in excess of forty per week for which they were not paid.

44.    The off-the-clock worked described above was not insubstantial, often requiring more than 5 or more hours per week of work.

45.    The off-the-clock work described above was for the benefit of and required by Defendants.

46.    As a result of Defendants' policies and practices, in one or more weeks during Plaintiffs' employment, Defendant failed to pay each Plaintiff for her overtime hours worked at the rates required by the FLSA.

## V.

## COLLECTIVE ACTION ALLEGATIONS

47.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

48.    All nurses were subject to Defendants' standard policy or practice of discouraging overtime while not discouraging, but often requiring, certain work that, if accounted for, would result in overtime pay.

49.    All nurses generally work at least forty hours per week for Defendants.

50.    All nurses were paid a specific hourly rate by Defendants.

51.     Upon information and belief, nurses performed the off-the-clock work described above at the direction of Defendant.

52.     In at least one or more weeks during their employment within the three year prior to the filing of the Complaint herein, nurses performed the off-the-clock work described above in a week during which nurses also worked forty or more hours "on the clock."

53.     Upon information and belief, the off-the-clock work described above performed by nurses was not insubstantial, often requiring five or more hours per week of work.

54.     Nurses were not paid for their off-the-clock work.

55.     The off-the-clock work described above was for the benefit of and required by Defendant.

56.     Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as nurses or equivalent positions who were, are, or will be employed by Defendants and were improperly remunerated during weeks in which they worked more than 40 hours at any time within the applicable statute of limitations period.

57.     Plaintiffs assert violations of the FLSA on behalf of a class of all persons who were employed by Defendants as nurses for Defendants' business from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

58.     Plaintiffs are unable to state the exact number of the class but believe that the class exceeds 50 persons.

59.     Defendants can readily identify the members of the class, who are a certain portion of the current and former employees of Defendant.

60.     The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action plaintiffs via, among other methods, first class mail to their last known physical and mailing addresses as soon as possible.

61.     The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action plaintiffs via email to their last known email address as soon as possible.

62.     The cell phone numbers of the probable FLSA collective action plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action plaintiffs via text message as soon as possible.

63.     The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendants which violated the FLSA, including:

(a)     Defendants' uniform underpayment to them as nurses for Defendants' business under the FLSA; and

(b)     Defendants' failure to pay members of the class overtime compensation in violation of the FLSA, 29 U.S.C. § 201 et seq.

64.     Plaintiffs bring his claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of all nurses who were, are, or will be employed by Defendants in the State of Arkansas and were improperly remunerated during weeks in which they worked more than 40 hours at any time within the applicable statute of limitations period.

65.     Plaintiffs assert violations of the AMWA on behalf of a class of all persons who were employed by Defendants as nurses in the State of Arkansas for Defendants' business from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

66.     The Class is so numerous that joinder of all members is impractical. While the exact number and identities of Class members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiffs believe that at least twenty-five (25) but as many as one-hundred (100) putative class members have worked for Defendant without appropriate pay, as described herein, during the applicable statutory period.

67.     This litigation is properly brought as a class action because of the existence of questions of fact and law common to the Class which predominate over any questions affecting only individual members, including:

> (a) The compensability of Plaintiffs' and class members' time spent reviewing training materials, notes, taking calls and performing other work after the conclusion of the workday;
>
> (b) Whether Plaintiffs and members of the Class worked off the clock;
>
> (c) Whether Defendants have failed to pay Plaintiffs and members of the Class regular wages and overtime compensation for all of the hours over forty (40) each week;
>
> (d) Whether Defendants properly calculated the overtime pay owed to Plaintiff and members of the Class.

68.     This litigation is properly brought as a class action because Plaintiffs' claims are typical of the claims of the members of the Class, inasmuch as all such claims arise from Defendants' standard policies and practices, as alleged herein. Like all Class members, Plaintiffs were injured by Defendants' policies and practices of failure to pay nurses for all the hours

worked and failure to pay overtime premiums for all hours worked in excess of forty (40) per week.

69.     Plaintiffs have no interests antagonistic to the interests of the other members of the Class. Plaintiffs are committed to the vigorous prosecution of this action and has retained competent counsel experienced in class litigation.     Accordingly, Plaintiffs are adequate representatives and will fairly and adequately protect the interests of the Class.

70.     A class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

> (a) Common questions of law and/or fact predominate over any individual questions which may arise, and, accordingly, there would accrue enormous savings to both the Court and the Class in litigating the common issues on a class-wide instead of on a repetitive individual basis;
>
> (b) Despite the relatively small size of individual Class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a Class action on a cost-effective basis, especially when compared with repetitive individual litigation; and
>
> (c) No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the Class.

71.     Plaintiffs are aware of no members of the proposed class who have an interest in individually controlling the prosecution of separate actions; neither are Plaintiffs aware of any other litigation concerning this particular controversy.

72.     Class certification is fair and efficient because prosecution of separate actions by individual Class members would create a risk of differing adjudications with respect to such individual members of the Class, which as a practical matter may be dispositive of the interests of

other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

73.     Further, hourly-paid janitorial and maintenance staff were not paid 1.5 times their regular rate of pay for hours they worked in excess of forty (40) in each workweek.

74.     Plaintiffs also bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as janitorial and maintenance staff or equivalent positions who were, are, or will be employed by Defendants and were improperly remunerated during weeks in which they worked more than 40 hours at any time within the applicable statute of limitations period.

75.     Plaintiffs assert violations of the FLSA on behalf of a collective of all persons who were employed by Defendants as hourly-paid janitorial and maintenance staff for Defendants' business from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

## VI.

### FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of FLSA Overtime Wage Violations)

76.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

77.     Defendants have failed and refused to comply with the FLSA's wage requirements by failing to pay Plaintiffs one and one half times his regular rate for all hours worked in excess of forty hours per week during Plaintiffs' employment as described in this Complaint.

78.     More often than not, each Plaintiff worked more than forty (40) hours per week without proper premium overtime pay.

79.     Defendants deprived each Plaintiff of overtime compensation for all of the hours over forty (40) per week in violation of the FLSA.

80.     Defendants violated the FLSA by failing to pay overtime compensation to each Plaintiff. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

81.     Defendants are and have been subject to the overtime pay requirements of the FLSA because it, as an enterprise, and its employees are engaged in commerce.

82.     Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

83.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

84.     Defendants have not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay and unpaid minimum wages described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

85.     Alternatively, should the Court find that Defendants acted in good faith in failing

to pay each Plaintiff as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment

interest at the applicable legal rate.

## VII.

## SECOND CLAIM FOR RELIEF
## (Collective Action Claims for Violations of the FLSA Overtime Provisions
## by Plaintiffs and All Those Similarly Situated Class Members)

86.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though

fully set forth herein.

87.     Defendants have failed and refused to comply with the FLSA's wage

requirements by failing to pay Plaintiffs and similarly situated members of the class one and one

half times their regular rate for all hours worked in excess of forty hours per week during their

employment as described in this Complaint.

88.     The two-subclasses are defined as (1) hourly-paid janitorial and maintenance staff

and (2) hourly-paid nurses who worked off-the-clock.

89.     Defendants required Plaintiffs and similarly situated members of the class to work

in excess of forty (40) hours each week but failed to pay Plaintiffs and the class members proper

overtime premium compensation for all of the hours in excess of forty (40) in each workweek.

90.     Defendants deprived Plaintiffs and the class members overtime premium

compensation for all of the hours over forty (40) per week, in violation of the FLSA.

91.     Defendants' conduct and practice, as described above, has been and is willful,

intentional, unreasonable, arbitrary and in bad faith.

92. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs and the class members for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' original complaint, plus periods of equitable tolling.

93. Defendants have not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs and the class members are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium wages described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

94. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs and the class members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.

### THIRD CLAIM FOR RELIEF
### (Individual Claims for Violation of the Arkansas Minimum Wage Act)

95. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

96. Defendants violated the Arkansas Minimum Wage Act Ark. Code Ann. § 11-4-201, *et seq* ("AMWA"), by failing to pay Plaintiffs the proper overtime payments required by the AMWA for all hours worked over 40 hours in a workweek.

97. Defendants have failed and refused to comply with the AMWA's wage requirements by failing to pay Plaintiffs one and one half times their regular rate for all hours

worked in excess of forty hours per week during Plaintiffs' employment as described in this Complaint.

98.     More often than not, Plaintiffs worked more than forty (40) hours per week without premium overtime pay.

99.     Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

100.    By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, including unpaid wages and reasonable attorney's fees provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint.

### IX.

### FOURTH CLAIM FOR RELIEF
### (Class Claim for Violation of the Arkansas Minimum Wage Act)

101.    Plaintiff Mazanti repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

102.    Defendants have failed and refused to comply with the AMWA's wage requirements by failing to pay Plaintiff Mazanti and all other members of the Rule 23 class one and one half times their regular rate for all hours worked in excess of forty hours per week during their employment as described in this Complaint.

103.    Defendants required Plaintiff Mazanti and all other members of the Rule 23 class to work in excess of forty (40) hours each week but failed to pay Plaintiff Mazanti and the class members overtime premium compensation for all of the hours in excess of forty (40) in each workweek.

104.    Defendants deprived Plaintiff Mazanti and all other members of the Rule 23 class overtime premium compensation for all of the hours over forty (40) per week, in violation of the AMWA.

105.    Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

106.    By reason of the unlawful acts alleged herein, Defendant are liable to Plaintiff Mazanti and the class members for monetary damages, including unpaid wages and reasonable attorney's fees provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' Original Complaint, plus periods of equitable tolling.

## X.

### PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Lisa Mazanti and Ronnie Walker, individually and on behalf of all others similarly situated, respectfully pray for declaratory relief and damages as follows:

(a)    That summons be issued and Defendants be required to appear and defend herein.

(b)    A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(c)    A declaratory judgment that Defendants' practices alleged herein violate the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. § 11-4-201, *et seq.*;

(d)     Judgment for damages for all unpaid overtime and minimum wage compensation under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(e)     Judgment for damages for all unpaid overtime and minimum wage compensation under the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. § 11-4-201, *et seq.*;

(f)     Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201 *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the Class during the applicable statutory period;

(g)     Judgment for any and all civil penalties to which Plaintiffs and all other similarly situated employees may be entitled;

(h)     An order directing Defendants to pay Plaintiff and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action;

(i)     Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**LISA MAZANTI and RONNIE WALKER,**
**Individually and on Behalf of All Others Similarly**
**Situated, PLAINTIFFS**

WH Law, PLLC
1 Riverfront Pl. STE 745
North Little Rock, AR 72114
501.891.6000

By:    _____
Chris W. Burks ABN: 2010207
chris@whlawoffices.com

_____
Brandon M. Haubert (ABN: 2013137)
brandon@whlawoffices.com