## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**LISA MAZANTI and RONNIE WALKER,**                                 **PLAINTIFFS**
**individually and on behalf of all others**
**similarly situated**

**v.**                                 **CASE NO. 4:20-CV-00049-BSM**

**ROCK BORDELON, *et al*.**                                 **DEFENDANTS**

### ORDER

Lisa Mazanti's and Ronnie Walker's motion for conditional certification [Doc. No. 20] is granted. Their notice forms, consent to join form, and notice plan are approved, subject to the modifications below.

### I. BACKGROUND

Lisa Mazanti and Ronnie Walker ("plaintiffs") are suing Rock Bordelon and Allegiance Hospital of North Little Rock ("defendants") under the Fair Labor Standards Act, 29 U.S.C. section 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. section 11-4-201, *et seq.* ("AMWA"), for unpaid overtime wages. They seek conditional certification of two classes of similarly situated individuals. The facts are as follows.

Mazanti and Walker worked for defendants as a nurse and janitor respectively. Compl. ¶¶ 8, 13, Doc. No. 1. Defendants discouraged Mazanti and other nurses from logging their overtime hours on the time tracking system, and did not pay the nurses for the time they worked off-the-clock. Compl. ¶¶ 38–42. Meanwhile, Walker and other janitorial staff

regularly worked overtime, but were not paid an overtime rate when they logged more than forty hours in a week.  Compl. ¶¶ 33–34.  Collectively, Mazanti and Walker allege that they and at least 60 other hourly-paid janitors, maintenance staff workers, and nurses employed by the defendants were routinely denied the overtime pay they were entitled to.  Decl. Mazanti 10–12, Doc. No. 20-7; Decl. Walker 10–12, Doc. No. 20-8.  They are seeking to certify two classes: one composed of hourly-paid janitors and maintenance staff employed by the defendants, and the other composed of hourly-paid nurses employed by the defendants.  Mot. Conditional Certification ¶ 3, Doc. No. 20.

## II. LEGAL STANDARD

FLSA plaintiffs suing on behalf of a similarly situated class must utilize 29 U.S.C. section 216(b)'s opt-in mechanism instead of Federal Rule of Civil Procedure 23's opt-out mechanism.  *Butcher v. Delta Mem'l Hosp.*, 2013 WL 1668998, at *1 (E.D. Ark. Apr. 17, 2013).  District courts may authorize the sending of notice to potential members of a collective action, so long as they carefully avoid endorsing or appearing to endorse the merits of the case.  *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989).

A two-step approach is used to determine whether certification is proper.  *Cruthis v. Vision's*, 2013 WL 4028523 at *1 (E.D. Ark. Aug. 7, 2013).  In step one, the court determines whether notice of the case should be given to potential plaintiffs.  *Collins v. Barney's Barn, Inc.*, 2013 WL 1668984, at *2 (E.D. Ark. Apr. 17, 2013).  The key inquiry is whether potential class members are similarly situated.  *Cruthis*, 2013 WL 4028523 at *2.

This determination is based on the pleadings and affidavits. *Smith v. Fran Tech Services, Ltd.*, 2009 WL 4251017 at *1 (E.D. Ark. Nov. 24, 2009). The standard is fairly lenient–it requires only a modest factual showing–and therefore conditional certification is typically granted. *Id*. at 4. In step two, which begins after discovery is largely completed, defendants may move for decertification by showing that the class members are not similarly situated. *Id*. at 1. If the class members are not similarly situated, the class can be decertified, the opt-in members can be dismissed, and the class representatives can proceed to trial on their individual claims. *Collins*, 2013 WL 1668984 at *2.

### III. DISCUSSION

A.   *Certification*

Plaintiffs' request for conditional certification is approved because they have made allegations that, although light on detail, are just sufficient enough to satisfy the lenient standard for conditional certification. This is true because they contend that janitors, maintenance workers, and nurses employed by the defendants, including themselves, were not paid overtime wages. Br. Mot. Conditional Certification at 8–9, Doc. No. 21.

Defendants oppose certification, claiming that plaintiffs have failed to show that the putative class members were subjected to a common policy by the defendants that violated the FLSA. Defs.' Resp. Mot. Conditional Certification at 3, Doc. No. 22. Defendants argue that the only evidence that plaintiffs have offered showing the two proposed classes are similarly situated are four completely identical declarations, which contain nothing more than

vague allegations that they were not paid overtime wages.  *Id*. at 4.  Accordingly, defendants state that plaintiffs have failed to meet even the modest factual showing required for conditional certification.  *Id*.

Conditional certification is granted over the objection of the defendants because evaluating the contradictory evidence and statements offered by the parties is not appropriate at this stage.  *See  In re Pilgrim's Pride Fair Labor Stands. Act Litig.*, 2008 WL 4877239 at *3 (W.D. Ark. Mar. 13, 2008) (credibility determinations are not made at the conditional certification stage).  The following two classes are conditionally certified:

(1)    All hourly-paid nurses employed at the North Metro Medical Center by the defendants since January 16, 2017, who worked off-the-clock or who worked more than forty hours in any work week, and

(2)    All hourly-paid janitorial and/or maintenance staff workers employed at the North Metro Medical Center by the defendants since January 16, 2017, who worked more than forty hours in any work week.

The defendants will have an opportunity to move for decertification after sufficient discovery is taken.

B.    *Notice*

Plaintiffs' request to provide notice to possible opt-in plaintiffs via U.S. Mail and email is granted.  They may send one written notice and one follow-up postcard to possible opt-in plaintiffs, and they may include copies of the complaint and answer in the notice packet.  They may also send one email notice to potential opt-in plaintiffs.  *See Middleton v. Hempstead Cty., Arkansas*, 2019 WL 3948106, at *4 (W.D. Ark. Aug. 21, 2019).

4

Plaintiffs' request to send notices and reminders by text message is denied without prejudice because doing so is unnecessary and redundant.  *See, e.g., Teramura v. Walgreen Co.*, 2013 WL 12171862, at \*4 (W.D. Ark. Mar. 7, 2013).  Moreover, their request that defendants be required to post the notice on-site at North Metro Medical Center is denied without prejudice because they failed to address that issue in their brief.

Plaintiffs' proposed notice and consent forms are acceptable, subject to the following modifications.  *See* Mot. Conditional Certification, Exs. 1–3, 5.  First, the sentence "Plaintiff in this case are hourly-paid workers..." in the paragraph titled "(3) DESCRIPTION OF THE LAWSUIT" shall be changed to read "Plaintiffs in this case are hourly-paid workers..."  Ex. 1 ¶ 3.  Second, the sentence "Plaintiff filed a lawsuit against Defendants..." in that same paragraph shall be changed to read "Plaintiffs filed a lawsuit against Defendants..."  *Id*. Third, the sentence "If you choose to join this suit, the named Plaintiff through her attorney will represent your interests" in the paragraph titled "(8) CLASS COUNSEL" shall be changed to read "If you choose to join this suit, the named Plaintiffs through their attorney will represent your interests."  *Id*. ¶ 8.  Fourth, the main text of the Consent to Joint Collective Action [Ex. 2] shall be rewritten as follows: "I was an hourly-paid janitor, maintenance worker, or nurse employed by Defendants on or after January 16, 2017.  I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid wages.  I consent to becoming a party-plaintiff in this lawsuit, and agree to be represented by Plaintiffs' attorney, Chris Burks, WH Law, PLLC, 1 Riverfront Dr., Suite 745 North Little

Rock AR 72114.   Further, I agree to be bound by any settlement of this lawsuit or adjudication by the Court."  Fifth, plaintiffs must add the following disclaimer to their email notice [Ex. 3]: "The Court has not taken a position on the merits of this case; the Court neither encourages nor discourages your participation in the case."  *See Adkinson v. Tiger Eye Pizza, LLC*, 2019 WL 5213957 at *6 (W.D. Ark. Oct. 16, 2019).

Defendants are ordered to produce the full name, dates of employment, last known mailing address, and email address of each putative collective action member in a usable electronic format.  This information must be delivered to plaintiffs' counsel within fourteen days of this order.  Plaintiffs' counsel will treat this information as confidential and will not disclose it to third parties.  Plaintiffs have ninety days from the date that defendants deliver the requisite contact information to distribute the notice and consent documents, and to file signed consent forms for any opt-in plaintiffs.

## IV. CONCLUSION

For the foregoing reasons, plaintiffs' motion for conditional certification [Doc. No. 20] is granted, except for the foregoing alterations to their notice plan, as well as the modifications to their notice and consent forms.

IT IS SO ORDERED, this 11th day of May, 2021.


UNITED STATES DISTRICT JUDGE